IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT NELSON HOWELL-EL,** | ) |
| | ) |
|       **Petitioner,** | ) |
| | ) |
| vs. | )   **CIVIL NO. 06-563-MJR** |
| | ) |
| **UNITED STATES of AMERICA,** | ) |
| | ) |
|       **Respondent.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner Robert Nelson Howell-El, formerly known as Robert Nelson Howell, was convicted in this District in June 2000. Pursuant to a plea agreement and stipulations of fact, he pleaded guilty to charges involving the distribution of cocaine, crack cocaine and marijuana. *See United States v. Howell*, Case No. 98-cr-30200-DRH (S.D. Ill., filed Dec. 22, 1998). He did not file a direct appeal, but later he filed a motion under 28 U.S.C. § 2255, which was denied on the grounds that, as part of his plea agreement, he had waived his right to file such a challenge. *Howell v. United States*, Case No. 01-cv-607-DRH (S.D. Ill., filed Sept. 13, 2001), *appeal denied*, Appeal No. 03-3535 (7th Cir., decided Sept. 25, 2003).

While that Section 2255 motion was pending, Howell-El's motion for remission of his automobile was denied on January 10, 2003, *Howell, supra*, Case No. 98-cr-30200 (Docs. 338, 346), and he appealed that decision, *id.* at Doc. 347. The Seventh Circuit reversed and remanded the matter on jurisdictional and procedural grounds, finding that he may not have had notice of the DEA's intention to seize his BMW. *United States v. Howell*, Appeal No. 03-1688 (7th Cir., decided

Jan. 13, 2004). The Circuit also noted that such a challenge should not have been considered as part of the criminal case, but should have been treated as a separate civil case. *Id.*

Other than this minor victory, Howell-El's other attempts to challenge either his conviction or the forfeiture of his BMW and other assets have been unsuccessful. *See Howell v. United States*, Case No. 04-cv-685-DRH (S.D. Ill., filed Sept 13, 2004) (a "petition for sanctions pursuant to Federal Rules of Civil Procedure 11(b) & (c) and Rules 26 through 37"); *Howell v. United States*, Case No. 04-cv-724-DRH (S.D. Ill., filed Oct. 12, 2004) (second/successive section 2255 petition dismissed for lack of jurisdiction) (notice of appeal filed April 1, 2005). *Howell v. Thompson*, Case No. 04-cv-945-GPM (S.D. Ill., filed Dec. 17, 2004) (suit for damages against various federal agents, dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994)).

Now before this Court is Howell-El's most recent attempt to nullify his conviction, presumably under the jurisdiction of 28 U.S.C. § 2241. The case is now before the Court for a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

In an argument not presented in any of his former challenges, Howell-El now states that he is of Moorish American Nationality. Because of this affiliation, this Court does not have jurisdiction over him. He further explains:

> I assert my defense by my Zodiac Constitution Laws with my mathematical number nine (9). The number nine (9) corresponds with the letter 'I'. Based on the nine months from conception to birth, which makes me myself, the Great "I am", the first and the highest law of self-protection and self-preservation. In harmony with my Zodiac 12 signs unchanged Constitution Moral Law of 360 Degrees squared by my number nine (()) and the science of geometry (G).

Whatever this formula works out to be, Howell-El is incorrect in asserting that the federal courts do not have jurisdiction over him.[1]

Furthermore, a person may usually challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

In a roundabout way, Howell-El contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that he may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a

---

[1] If the Court were to accept Howell-El's position as correct, it would necessarily follow that this Court does not have jurisdiction to rule on the matter currently before it. Perhaps for this limited purpose, Howell-El waives his objection to lack of jurisdiction; otherwise, why would he even bother to seek a remedy from this Court?

prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Howell-El does not suggest that the charged conduct is no longer a crime. To the contrary, Petitioner merely asserts that the laws of this country simply do not apply to him, an argument that has no legal basis. Therefore, Section 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 27th day of October, 2006.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**